**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| WILLIAM RAY PARHAM | : | CASE NUMBER A12-57899-CRM |
| DONDRA G. PARHAM | : | |
|     DEBTORS | : | JUDGE MULLINS |

**CHAPTER 13 TRUSTEE'S OBJECTION TO**
**CONFIRMATION AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtors' payments under the proposed plan are not current, thus indicating that this plan is not feasible.  11 U.S.C. 1325(a)(6).

2.

The Chapter 13 Trustee requests proof of the post petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

3.

The Trustee requests an itemization of Debtors; tax refund of $911.00 and the disclosure of any payments made to creditors with these funds, in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

4.

Debtors' Schedule I reflects a contribution from a rental property of $2,600.00 per month. The Trustee requests documentation regarding this contribution, including, but not limited to, a notarized affidavit executed by the contributor which states the date the contribution began and how long it is expected to continue.  If the contribution is from rental income, the Trustee requests documentation such as a copy of the written lease or a notarized affidavit from the lessee. 11 U.S.C. Section 1325(a)(6).

5.

Per testimony at the 341 meeting of creditors, the Debtors contribute to a savings account, thereby preventing the Debtors from contributing all monthly projected disposable income to this composition plan. (Fulton County Teachers Credit Union)

6.

Debtors are self employed; however, Schedule J does not include an itemization for business expenses, thereby preventing the Trustee from evaluating feasibility, in violation of 11 U.S.C. Section 1325(a)(6). (Debtor lists business expenses of $500.00 per month on Schedule J)

7.

The Trustee requests proof of fair market value of a 2004 Mini Cooper in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

8.

The Chapter 13 budget reflects a $7,641.00 per month expense, an expense amount that may be excessive and unnecessary for the maintenance or support of the Debtors or Debtors' dependents in a composition plan in violation of 11 U.S.C. Section 1325(b)(2)(A), Section 1325(a)(3) and Section 1325(a)(7).

9.

The Chapter 13 Schedules fail to include and notice a debt owed to the homeowner's association in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. 342.

10.

The plan fails to treat the homeowner's association in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

11.

The Debtors have taken a deduction on the Official Form 22C, Line Items 28 and 29 for the ownership or lease expense of a vehicle which may not be an allowable expense pursuant to applicable IRS standards.  11 U.S.C. Sections 1325(b)(2) and (b)(3).

12.

The Chapter 13 Trustee requests proof of the expense for telecommunication in the amount of $50.00 on line 37 and education in the amount of $50.00 on line 43 of the Official Form 22C.  11 U.S.C. Sections 1325(b)(2) and (b)(3).

13.

The Form B22C reflects an amount for line items 31 and 43 that appear to be incorrect. 11 U.S.C. Section 1325(b)(2) and (b)(3).

14.

Line 47b and Line 48b of the Official Form 22C shows deductions for secured debt payments for  that the Debtors are avoiding pursuant to the plan in possible violation of 11 U.S.C. Sections 1325(b)(2) and (b)(3).. As the Debtors are not making those secured debt payments, the Debtors may have disposable income available to pay unsecured creditors. 11 U.S.C. Section 1325(B)(1)(b). (CCO Mortgage)

15.

The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors as required by 11 U.S.C. Section 1325(b)(1)(B).

16.

The plan proposes to strip a residential mortgage and for the claim to be treated as a general unsecured claim.  The Debtors have failed to file an adversary or motion to accompany this plan provision.  This provision may be in violation of 11 U.S.C. Section 506 and 11 U.S.C. Section 1322(b)(2). (CCO Mortgage)

17.

The Chapter 13 plan fails to provide for the contribution to the plan, the $508.00 per month budgeted lease expense that expires in July 2012, thereby possibly indicating a lack of good faith in proposing this repayment plan. 11 U.S.C. Section 1325(a)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtors' plan, and to dismiss the case.

Respectfully submitted,

/s/
Joshua B. Saunders,
Attorney for Chapter 13 Trustee
GA Bar No. 100508
303 Peachtree Center Ave., NE, Ste 120
Atlanta, GA  30303
(678) 992-1201

/nt

## **CERTIFICATE OF SERVICE**

       This is to certify that I have this day served:

Debtors:
William Ray Parham
Dondra G. Parham
2930 Serenade Court
Alpharetta, GA 30004

Attorney for Debtors:
Daniel E. Raskin
Suite 114
325 Hammond Drive
Atlanta, GA 30328

with a copy of the foregoing Trustee's Objection by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

       THIS THE 7th day of May, 2012

/s/_____
Joshua B. Saunders, Attorney for Chapter 13 Trustee
GA Bar No. 100508
303 Peachtree Center Ave., NE, Ste 120
Atlanta, GA  30303
(678) 992-1201